In computing 1920 income the Commissioner erroneously overstated income from gross sales by $1,607.94, and understated cost of goods sold by $1,837.24, resulting in an overstatement of net income by $3,445.18. Taxpayer also claimed that the Commissioner erroneously understated the closing inventory by $2,887.17, but introduced no competent evidence to sustain its contention. In all respects the taxpayer acquiesces in the action of the Commissioner. The Commissioner concedes the overstatement of net income by $3,445.18.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 15 days' notice, under Rule 50.

---

## APPEAL OF ROGERS & BALDWIN HARDWARE CO.

Docket No. 3355.    Submitted October 14, 1925.    Decided November 14, 1925.

*Lewis Luster, Esq.,* for the taxpayer.
*Robert A. Littleton, Esq.,* for the Commissioner.

### Before STERNHAGEN, LANSDON, and ARUNDELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the fiscal year ended April 30, 1919, in the amount of $3,147.36. The deficiency arises from the refusal of the Commissioner to include in invested capital $50,000, which the taxpayer claims was paid to the corporation by its chief stockholder, A. A. Baldwin, and also from the refusal of the Commissioner to grant relief under section 328 of the Revenue Act of 1918, although the Commissioner concedes an abnormality with respect to the taxpayer's invested capital.

### FINDINGS OF FACT.

The taxpayer is a Missouri corporation with its principal place of business in Springfield.

On July 29, 1901, A. A. Baldwin had acquired practically all of the stock of the taxpayer and thereafter during his life directed and managed its affairs. Some years thereafter Baldwin gave to his four children one-half of the outstanding stock represented by 1,000 shares and retained in his own name 1,000 shares. The corporation throughout its existence, and particularly during the year in question, remained a family affair, in which A. A. Baldwin was the dominating factor.

The accounts of A. A. Baldwin were carried on the books of the taxpayer designated, respectively, as "Investment account," "Building account," and "Personal account." There were credited to the investment account dividends declared by the corporation and interest on balances remaining in that account. The building account represented amounts due Baldwin for the rental of the building in which the taxpayer carried on its business. After April 30, 1918, the taxpayer did not pay any interest to Baldwin on amounts remaining to his credit on the books of the corporation. The minutes of the taxpayer show the following record under date of September 15, 1920:

> Mr. A. A. Baldwin expressed his wish that of the amount now shown to the credit of his personal account, fifty thousand dollars ($50,000) of this be charged to his account and passed to the credit of surplus account of the Company. Motion seconded and carried. Change was ordered made.

Under the same date the investment and building accounts of Baldwin were charged with $50,000 and a credit to surplus entered.

The Commissioner conceded an abnormality with respect to the taxpayer's invested capital, but claimed that no relief could be given as the profits taxes paid by the taxpayer are not in excess of the average profits taxes paid by representative concerns.

### DECISION.

The determination of the Commissioner is approved.

---

### APPEAL OF L. R. DAVIDSON.

Docket No. 2593.  Submitted June 15, 1925.  Decided November 14, 1925.

> Evidence *held* insufficient to establish a March 1, 1913, value of oil wells in excess of the value fixed by the Commissioner.

*Jos. A. Albrecht, Esq.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

### Before JAMES and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1919 in the amount of $2,011.94. The question involved is the amount which the taxpayer, in computing his net income for that year, is entitled to deduct as an allowance for the depletion of certain oil wells owned by him. The appeal was submitted on the pleadings, stipulations by the parties, and the deposition of the taxpayer.